UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

VICTOR FONDACARO, on behalf of himself and all others similarly situated,

                        Plaintiff                        **CLASS ACTION**
                                                             **COMPLAINT**

      -against-

                                                            Case No. 1:17-CV-1053 (BKS/DJS)

SOLOMON & SOLOMON, P.C. and JULIE B. SOLOMON,

                        Defendants

-------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. The Plaintiff VICTOR FONDACARO ("Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendants. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Based upon the Defendants' violations of the FDCPA, as set forth and alleged herein, the Plaintiff, and the class he seeks to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Montgomery County, New York.

5. The Defendant Solomon & Solomon, P.C. ("S&S), is a law firm composed of lawyers and non-lawyer support staff.

6. The Defendant S&S maintains a principle place of business located at Five Columbia Circle, Albany, New York.

7. The Defendant S&S collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and internet.

8. The Defendant S&S is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant Julie B. Solomon ("J.B. Solomon") is a natural person, a duly admitted attorney at law and the President of the Defendant S&S.

10. The Defendant J.B. Solomon personally controls the policies and practices complained of herein and is therefore personally liable to the Plaintiff and the class defined herein for the damages, attorneys fees and costs requested herein.

11. The Defendant J.B. Solomon collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and internet.

12. The Defendant J.B. Solomon is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**JURISDICTION & VENUE**

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district.

### FACTS CONCERNING THE PLAINTIFF

15. The Defendant S&S has been retained to represent a medical entity doing business as St. Mary's Healthcare (SMH) who provided medical services to the Plaintiff.

16. In an attempt to collect an alleged debt in the amount of $78.40 allegedly owed by the Plaintiff to SMH, the Defendant S&S forwarded a collection letter dated 11/16/2016 to the Plaintiff. A copy of said letter is attached hereto as Exhibit "1".

17. The letter sent by the Defendant S&S is a "communication" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(2).

18. The Plaintiff is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

19. The alleged monetary obligation described in paragraph 16 heretofore is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

20. Nowhere in the Defendant's letter is it revealed that the Defendant is an operational law firm.

21. The least sophisticated consumer reading the Defendant's collection letter would have no idea that the letter is from a law firm.

22. The failure to advise consumers that S&S is a law firm is false, deceptive and misleading

and otherwise unfair.

23. The Defendants are well aware that a consumer is less likely to respond to a communication from a law firm than to a communication from a collection agency.

24. A consumer has the right to know the full identity of a debt collector who seeks to obtain information about the consumer and who seeks to obtain money from the consumer.

25. The letter contains the 30 day date dispute verification rights accorded to consumers by the FDCPA, 15 U.S.C. § 1692g. A consumer wishing to dispute the debt who is seeking verification thereof is required to send a writing to the Defendant S&S to obtain verification of the alleged debt.

26. A consumer dispute/request for verification letter typically contains personal information about a consumer.

27. A consumer willing to disclose personal information to a collection agency may not wish to disclose personal information to a law firm.

28. Any claim by the Defendants that the failure to disclose that the Defendant S&S is a law firm is based upon the desire to not implicitly threaten legal action would be without merit.

29. If the Defendants wanted to insure that an implication of legal action was not conveyed, it could have simply advised in the letter that no legal action was authorized by SMH nor would any legal action otherwise be commenced.

30. The Defendants could have further prevented any false implication of legal action by including the disclaimer approved by the United States Court of Appeals for the Second Circuit in the matter of *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005), "at this time, no attorney with this firm has personally reviewed the

particular circumstances of your account."

31. As a result of the failure to fully disclose that the Defendant S&S is a law firm, the Defendants violated the FDCPA.

## CLASS ALLEGATIONS

32. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33. This claim is brought on behalf of a class consisting of all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of this Complaint, received a collection communication from the Defendant S&S which is identical in content and form to the collection communication sent to the Plaintiff ("identical" does not include information specific to the Plaintiff).

34. The identities of all class members are readily ascertainable from records maintained by the Defendant S&S.

35. Excluded from the classes defined heretofore herein are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

37. The Plaintiff's claims are typical of the class members, as all are based upon the same

facts and legal theories.

38. The Plaintiff will fairly and adequately protect the interests of the class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney has any interests, which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the class defined above are each so numerous that joinder of all members of the class would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants utilized false, deceptive and misleading debt collection means in the attempt to collect alleged personal debts and otherwise acted unfairly by failing to disclose that the Defendant S&S is a law firm.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the members of the class insofar as Plaintiff has no interests that are adverse to the absent members of the class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer

lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the herein class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f) Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. The Defendants violated the FDCPA. The Defendants' violations include, but are not limited to, the following:

The Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts and same are material in that the false representations in the letter effect the decision and/or ability of a

consumer to pay and/or challenge an alleged debt;

The Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of alleged consumer debts;

The Defendants violated 15 U.S.C. § 1692f by engaging in unfair debt collection practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and the class as set forth below:

(i)   The maximum statutory damages for himself and the class as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii)  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
September 20, 2017

                        ROBERT L. ARLEO, ESQ. P.C.
                        By: */s/ Robert L. Arleo*
                        ROBERT L. ARLEO
                        380 Lexington Avenue
                        17th Floor
                        New York, New York 10168
                        PHONE (212) 551-1115
                        FAX: (518) 751-1801
                        Email: robertarleo@gmail.com
                        Attorney for the Plaintiff