UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR FONDACARO, on behalf of himself and all
others similarly situated,

                                      1:17-cv-01053 (BKS/DJS)

                               Plaintiff,

v.

SOLOMON & SOLOMON, P.C. and JULIE B.
SOLOMON,

                               Defendants.
_____

**APPEARANCES:**

*For Plaintiff:*
Robert L. Arleo
Robert L. Arleo, Esq. P.C.
380 Lexington Avenue, 17th Floor
New York, NY 10168

*For Defendants:*
Joseph L. Francoeur
Michael S. Tripicco
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Victor Fondacaro brings this putative class action against Defendants Solomon & Solomon, P.C. ("S&S") and Julie B. Solomon, alleging that they engaged in unlawful credit collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f, when they sent collection letters that failed to inform purported debtors that S&S is a law firm. (Dkt. No. 1, ¶¶ 1, 31, 32, 40). Plaintiff seeks statutory damages,

as well as attorneys' fees and costs, on behalf of himself and a proposed class of persons with New York addresses who, within one year before the Complaint's filing, "received a collection communication" from S&S that was "identical in content and form to the collection communication" sent to Plaintiff (except for Plaintiff-specific information). (*Id.* ¶ 33; *id.* at 8). Defendants move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 11). For the reasons below, the motion is granted.

## II.   BACKGROUND[1]

Defendant S&S is a law firm based in Albany, New York, which offers debt collection services to creditors. (Dkt. No. 1, ¶¶ 5–8). Defendant Julie B. Solomon is S&S's president. (*Id.* ¶¶ 9–12). St. Mary's Healthcare retained S&S to collect on a $78.40 debt purportedly owed by Plaintiff for medical services St. Mary's Healthcare provided him. (*Id.* ¶¶ 15–16). S&S sent Plaintiff a collection letter, dated November 16, 2016, (*id.* ¶ 16; *see also* Dkt. No. 1-1), which included the requisite validation notice informing Plaintiff of his right, within 30 days of receipt of the validation notice, to dispute the validity of the debt and request in writing that S&S obtain verification of the debt, (Dkt. No. 1, ¶ 25 (citing 15 U.S.C. § 1692g)). The letter, however, did not "reveal[] that [S&S] is an operational law firm." (*Id.* ¶ 20).

The Complaint states that S&S is "well aware that a consumer is less likely to respond to a communication from a law firm than to a communication from a collection agency." (*Id.* ¶ 23). Further, according to the Complaint, a consumer dispute letter or request-for-verification letter "typically contains personal information about a consumer," (*id.* ¶ 26), and a "consumer willing

---

[1] The facts are taken from the Complaint and assumed to be true for purposes of this motion. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The Court has not considered the materials attached to Plaintiff's opposition, which are printouts from S&S's website, because those materials are not attached to or incorporated by reference in the Complaint. *See infra* Part III. Further, the Court cannot take judicial notice of those materials "for their truth." *See Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012).

to disclose personal information to a collection agency may not wish to disclose personal information to a law firm," (*id.* ¶ 27).

Based on these allegations, Plaintiff asserts that Defendants' "failure to fully disclose that the Defendant S&S is a law firm" violated the FDCPA. (*Id.* ¶ 31). More specifically, Plaintiff claims that Defendants violated: (i) 15 U.S.C. § 1692e "by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts and same are material in that the false representations in the letter effect [sic] the decision and/or ability of a consumer to pay and/or challenge an alleged debt"; (ii) § 1692e(2)(A) "by misrepresenting the character and legal status of alleged consumer debts"; and (iii) § 1692f "by engaging in unfair debt collection practices." (*Id.* ¶ 40).

## III. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, the Court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents

3

incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

## IV. DISCUSSION

### A. Statutory Standard

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)). "To further these ends, the FDCPA 'establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection.'" *Id.* (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).

In order to state a claim under the FDCPA, a plaintiff must establish three elements: (1) the plaintiff must be a "consumer" who is alleged to owe a debt or the target of efforts to collect a consumer debt; (2) the defendant must be a "debt collector"; and (3) the defendant must have engaged in conduct violating FDCPA requirements. *See Cruz v. Credit Control Servs., Inc.*, No. 17-cv-1994, 2017 WL 5195225, at *4, 2017 U.S. Dist. LEXIS 186125, at *8 (E.D.N.Y. Nov. 8, 2017); *see also* 15 U.S.C. §§ 1692d, 1692e, 1692f (prohibiting debt collectors from engaging in specified debt collection practices). As relevant here, the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. One such prohibited misrepresentation is the "false representation of . . . the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). Additionally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

4

B. **Analysis**

Plaintiff's sole basis for claiming that Defendants violated the FDCPA is that Defendants' collection letter to Plaintiff, as well as similar letters sent to putative class members, did not specify that S&S is a law firm. (*See* Dkt. No. 1, ¶¶ 20, 22, 31, 33, 39). The Court addresses whether this conduct violates any of the asserted FDCPA provisions below.

1. **Violation of § 1692e**

A "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e. The prohibition is not limited to affirmative misrepresentations; indeed, liability attaches to any "act or omission in violation of FDCPA requirements." *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 270 (E.D.N.Y. 2018) (quoting *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015)). "[C]ommunications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012). For example, "communications from debt collectors that are misleading or deceptive as to the identity or involvement of the debt collector violate the FDCPA." *Id.* at 95.

But "not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Id.* at 94. Courts have to "evaluate claims under the FDCPA according to how the 'least sophisticated consumer' would understand the communication." *Id.* The least sophisticated consumer is "one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). But this person of legal fiction is "neither irrational nor a dolt." *Russell*, 74 F.3d at 34. The

Second Circuit "has been careful not to conflate lack of sophistication with unreasonableness." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Thus, under the least-sophisticated-consumer standard, courts need not accept "'every bizarre or idiosyncratic interpretation of a collection notice' and . . . should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

Additionally, "statements must be materially false or misleading to be actionable under the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018). "The materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.'" *Id.* at 86 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)). Defendants argue that the § 1692e claim should be dismissed because "Plaintiff does not claim that any affirmative statement contained in the Solomon and Solomon Letter is actually false," (Dkt. No. 11-4, at 9), and "the absence of the words 'law firm' in the Solomon and Solomon Letter . . . is not material falsity because the lack of these words has nothing to do with Plaintiff's debt, nor does it impede Plaintiff's ability to respond to the Solomon and Solomon Letter and/or dispute the collection effort," (*id.* at 10). In response, Plaintiff contends that the Complaint identifies a "material omission" as "the revelation that S&S is a law firm could easily effect [sic] a consumer's decision to pay and/or challenge an alleged debt based upon the desire not to communicate with a law firm." (Dkt. No. 16, at 7, 15). Thus, the parties appear to agree that S&S's letter does not contain any affirmative misrepresentation, and that the dispute centers on whether the failure to identify S&S as a law

6

firm is a material omission violating the FDCPA. The Court agrees with Defendants that the Complaint fails to state a claim under § 1692e.

First, S&S's letter is not a communication that is "misleading or deceptive as to the identity or involvement of the debt collector." *Gabriele*, 503 F. App'x at 95; *see* 15 U.S.C. § 1692e(11) (requiring a debt collector to "disclose . . . that [it] is attempting to collect a debt" and "that the communication is from a debt collector"). The letter clearly identifies "SOLOMON AND SOLOMON, P.C."—Defendant S&S's real name, not an alias or pseudonym—as a third-party debt collector. (*See* Dkt. No. 1-1 ("We have been requested by the above named creditor to remind you of this unpaid bill. . . . This is an attempt to collect a debt. . . . This communication is from a debt collector.")). This case does not involve a situation where "a creditor becomes subject to the FDCPA [because] the creditor 'in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (quoting 15 U.S.C. § 1692a(6)). Nor does this case present the situation of a "false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3); *see Clomon v. Jackson*, 988 F.2d 1314, 1321–22 (2d Cir. 1993) (finding that collection letters using an attorney's letterhead and signature were "false and misleading" because "the fact that Jackson played virtually no day-to-day role in the debt collection process supports the conclusion that the collection letters were not 'from' Jackson in any meaningful sense of that word"). Indeed, Plaintiff faults Defendants for the opposite conduct—not expressly disclosing that attorneys were involved.[2]

---

[2] Because Plaintiff does not allege that the S&S letter implied that attorneys were involved in debt collection—but in fact alleges that the letter gave the opposite impression, i.e., that the debt collector was not a law firm—the line of authority requiring attorneys to include disclaimers that they are not acting as attorneys is not at issue in this case.

Second, Plaintiff does not set forth any factual allegations to support his argument that the letter's silence as to the nature of S&S's business is material. A misrepresentation or omission is material if it "could mislead a putative-debtor as to the nature and legal status of the underlying debt," or if it "could impede a consumer's ability to respond to or dispute collection." *Gabriele*, 503 F. App'x at 94. Here, Plaintiff does not allege that the letter incorrectly describes the nature and legal status of the underlying debt. Rather, Plaintiff's theory is that S&S's failure to disclose that it is a law firm could affect "a consumer's decision to pay and/or challenge an alleged debt based upon the desire not to communicate with a law firm." (Dkt. No. 16, at 7, 15). The only support for this theory is the Complaint's conjectural allegations that "a consumer is less likely to respond to a communication from a law firm than to a communication from a collection agency," (Dkt. No. 1, ¶ 23), and that a "consumer willing to disclose personal information to a collection agency may not wish to disclose personal information to a law firm," (*id.* ¶ 27). Plaintiff provides no factual basis for his speculative assessments of consumer behavior; accordingly, his "allegations do not support an inference that the debt collection letter at issue in this action would be materially misleading to the least sophisticated consumer." *Bryan v. I.C. Sys., Inc.*, No. 15-cv-6984, 2017 WL 4326041, at *3, 2017 U.S. Dist. LEXIS 160072, at *9 (E.D.N.Y. Sept. 28, 2017).

Third, Plaintiff's theory appears to be internally contradictory. If the Court were to credit Plaintiff's hypothesis that consumers do not wish to communicate with law firm debt collectors, then compelling a debt collector to disclose that it is a law firm would have the perverse effect of dissuading a consumer from responding to or disputing debt collection efforts. As Defendants rightly point out, "[t]his is more than just a 'bizarre and idiosyncratic' interpretation; Plaintiff is

---

*Cf. Wendel v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 689 F. App'x 45, 46–47 (2d Cir. 2017); *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005).

actually arguing that the Solomon and Solomon letter should have been crafted so as to *discourage* Plaintiff from enforcing his rights under the FDCPA." (Dkt. No. 11-4, at 10).

Fourth, Plaintiff points to no authority requiring a debt collector to affirmatively disclose that it is a law firm. Indeed, Plaintiff characterizes this case as one of "first impression." (Dkt. No. 16, at 7). The FDCPA does not prohibit law firms from acting as debt collectors, so long as their communications do not imply the involvement of attorneys or implicate legal action. *See Greco*, 412 F.3d at 364 (explaining that "attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not *misleading*"). As Plaintiff himself acknowledges, compelled disclosure of a debt collector's law firm status would force the debt collector to add a curative "disclaimer" to dispel "any false implication of legal action." (Dkt. No. 1, ¶ 30 (citing *Greco*, 412 F.3d at 363)). Plaintiff's proposed rule thus turns the *Greco* line of authority on its head. If, as alleged here, a debt collector's communication does not imply that the debt collector is a law firm, the omission of the debt collector's status as a law firm can hardly be misleading. *Cf. Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 127 (2d Cir. 2016) (holding that the "omission of a call-back name" was not a "deceptive means" to collect a debt—in the sense that it did "not render the collection letter 'open to more than one reasonable interpretation, at least one of which is inaccurate'"—because "the omission simply with[held] information . . . that [was] not necessary to enable a recipient to understand the rest of the information contained in a typical debt collection letter").

### 2. Violation of § 1692e(2)(A)

Section 1692e(2)(A) prohibits a debt collector from making a "false representation" concerning "the character, amount, or legal status" of a debt in connection with the collection of the debt. Defendants move to dismiss the § 1692e(2)(A) claim as "Plaintiff does not actually dispute the existence of the debt, the amount of the debt, or the validity of a debt as set forth in

9

the allegedly violative communication." (Dkt. No. 11-4, at 11). Plaintiff does not respond to that argument, other than to state that "deception has occurred based upon the omission of the material fact that the Defendant S&S is a law firm." (Dkt. No. 17, at 7). Since the Complaint does not contain any allegations that Defendants misstated the character, amount, or legal status of the debt, the Court dismisses the § 1692e(2)(A) claim.

### 3. Violation of § 1692f

Section 1692f prohibits unfair debt collection practices. It also provides a nonexclusive list of practices deemed "unfair or unconscionable," including, inter alia, debt collectors collecting any amount not "expressly authorized by the agreement creating the debt or permitted by law," depositing a postdated check prior to the date inscribed on such check, and communicating with a consumer regarding a debt by postcard. 15 U.S.C. § 1692f. That section was "enacted specifically 'to catch conduct not otherwise covered by the FDCPA,' because Congress was '[c]ognizant that it could not anticipate every improper practice used by debt collectors.'" *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 530 (S.D.N.Y. 2013) (alteration in original) (quoting *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 781–82 (E.D.N.C. 2011)).

Defendants move to dismiss the § 1692f claim because "the lack of the words 'law firm' in the Solomon and Solomon Letter is not '[s]hockingly unjust or unfair,' or 'affronting the sense of justice, decency, or reasonableness' for the purpose of § 1692f." (Dkt. No. 11-4, at 14 (alteration in original) (quoting *Gallego*, 814 F.3d at 128)). Plaintiff concedes that "the failure to reveal that the Defendant S&S is not a law firm cannot be described as 'unconscionable,'" but he asserts that "it is certainly unfair to the consumer who is alleged to be in debt to one of the Defendant S&S's clients." (Dkt. No. 17, at 17). Plaintiff, however, does not explain why nondisclosure of a debt collector's status as a law firm is unfair to consumers. To the extent that

10

Plaintiff relies on the same arguments advanced in support of his § 1692e claim, these arguments fail for the reasons discussed above. *See Lautman v. 2800 Coyle St. Owners Corp.*, No. 14-cv-1868, 2014 WL 4843947, at *12, 2014 U.S. Dist. LEXIS 137454, at *38 (E.D.N.Y. Sept. 26, 2014) ("To the extent that plaintiff's claims under § 1692f rely on the same alleged litigation misconduct raised under § 1692e, those claims must be dismissed for the reasons stated above."). Accordingly, Plaintiff's § 1692f claim is dismissed.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss the Complaint for failure to state a claim (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice**[3] in its entirety.[4]

**IT IS SO ORDERED.**

Dated: August 24, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[3] Plaintiff has not sought leave to amend the Complaint. Moreover, even if he had, "an amendment is not warranted absent some indication as to what [a plaintiff] might add to [his] complaint in order to make it viable." *Shemian v. Research In Motion Ltd.*, 570 F. App'x 32, 37 (2d Cir. 2014) (quoting *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004)). There is no indication in Plaintiff's opposition that he can identify additional facts or legal theories to make his FDCPA claims viable, and it is clear that the issue in dispute is the viability of Plaintiff's novel legal theory. *See id.* Therefore, the Court grants dismissal with prejudice.

[4] Plaintiff has not moved for class certification. Absent class certification, there are no "class claims" for the Court to consider. *See Baxter v. Palmigiano*, 425 U.S. 308, 310 n.1 (1976) ("Without such certification and identification of the class, the action is not properly a class action."); *Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) ("[U]ntil certification, the jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs when the suit is filed and continuously thereafter until certification because until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." (quoting *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir.2002))). There are thus no "class claims" to be dismissed. *See Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("As a general rule, until a class action is certified pursuant to Rule 23 . . . the claims of potential class members cannot be considered."); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008) (explaining that "in the absence of certification, there is no class action under Rule 23," and because "unnamed class members are not technically part of the action until the court has certified the class . . . once the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim that may be asserted").